**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:19-cv-7626 |
| Plaintiff, ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| v. ) | |
| ) | |
| NASEEM AKHTER, ) | |
| a/k/a Nasem Akhtar, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon joint motion of the parties for the purpose of protecting Confidential Material as defined below.

IT IS ORDERED, ADJUDGED, AND DECREED, for good cause shown, that the following procedures will govern the production and/or use of Confidential Material in this action:

1. This Protective Order governs the treatment and handling of all Confidential Material produced in accordance with the Federal Rules of Civil Procedure or any order of the Court by any party to any other party in this action.

2. Pursuant to 5 U.S.C. § 552a(b)(1), the parties are hereby authorized, in accordance with the terms of this Protective Order, to produce to each other in discovery information and records that are discoverable under applicable law notwithstanding that they are covered by the Privacy Act, 5 U.S.C. § 552a.

3. Confidential Material as used in this Protective Order means information, documents,

things, or other materials, in whatever form, that are (a) protected by the Privacy Act, 5 U.S.C. § 552a; (b) exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552; or (c) privileged or protected from disclosure under federal or state law (including, but not limited to, the law enforcement, investigatory files, informant, national security, attorney-client communication, attorney work-product, and deliberative process privileges).

4. Any party may, based on a good faith belief, designate material produced, or to be produced, in discovery as Confidential Material subject to this Protective Order. A party shall designate material as Confidential Material subject to this Protective Order by marking the material with the words "Subject to Protective Order." For documents containing Confidential Material, the party shall mark each page of the document.

5. Certain Confidential Material, such as sensitive and confidential law enforcement information; information regarding the identity of, or statements by, certain witnesses or informants; and information regarding the policies, methods, techniques, procedures, guidelines and/or intelligence of certain federal law enforcement agencies may require a higher level of protection than that generally afforded to Confidential Material under this Protective Order. A party may designate such especially sensitive Confidential Material as "For Attorneys' Eyes Only." Confidential Material designated "For Attorneys' Eyes Only" shall be disclosed only to counsel for a party and may be not be further disclosed, revealed, or disseminated by the recipient, including to the Defendant.

6. Material that is known to be available to the public may not be designated as "Subject to Protective Order" or "For Attorneys' Eyes Only."

7. Any party receiving material that, in the good faith opinion of that party, contains information covered by the Privacy Act, 5 U.S.C. § 552a, exempt from disclosure under the

Freedom of Information Act, 5 U.S.C. § 552, or privileged or protected from disclosure under federal or state law, and which should be subject to this Protective Order, may designate that material as Confidential Material subject to this Protective Order by marking the material as either "Subject to Protective Order" or "For Attorneys' Eyes Only," as appropriate; provided, however, that the party so marking the material notifies counsel for all other parties of such designation within 14 days of receipt of the material being marked.

8.  Confidential Material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order may be used only for purposes related to this action. Except as otherwise provided in this or a subsequent order of this Court, Confidential Material produced subject to this Protective Order shall not be disclosed to any persons or entities other than the following:

   a.  The Court and Court personnel;

   b.  A party and counsel of record for a party;

   c.  Secretarial, clerical, paralegal or paraprofessional staff, or other members of the legal team, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation;

   d.  Experts or consultants who have been retained by a party for the purpose of assisting in the conduct of this action;

   e.  Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a party deems the disclosure reasonably necessary for the conduct of this litigation and that no disclosure is made to persons outside the authorization of this Protective Order; and

   f.  Other persons upon order of this Court or upon stipulation of the party who

designated the Confidential Material in question as "Subject to Protective Order" or "For Attorneys' Eyes Only."

Nothing in this Protective Order restricts the authority of the United States, including its officers or employees acting in their official capacities, to disclose information otherwise in the possession, custody, or control of the federal government in the course of carrying out the regular, lawful functions of government.

9. Before any Confidential Material subject to this Protective Order is disclosed to a party, all counsel of record for that party shall sign and serve the "Acknowledgment of Protective Order" attached to this Protective Order on all counsel of record for all parties. Unless otherwise specified by a counsel of record for a party, service of the signed "Acknowledgement of Protective Order" may be completed by email.

10. Prior to disclosing Confidential Material subject to the Protective Order to any other individuals designated in paragraph 8 subsections (b)-(f), counsel for a party must have such individuals sign the "Acknowledgment of Protective Order" attached to this Protective Order. The original signed "Acknowledgment of Protective Order" completed by any individual designated in paragraph 8 subsections (b)-(f) shall be retained by counsel seeking to disclose materials to such individual until the conclusion of this litigation (as that point in time as defined below). These signed "Acknowledgment of Protective Order" forms may be disclosed on request from a party but need only be disclosed pursuant to Court order. Each person to whom Confidential Material designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" is disclosed is hereby advised that such Confidential Material is being disclosed pursuant and subject to the terms of this Protective Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action.

11.     In the event that counsel for any party seeks to file with or submit to this Court – by way of pleadings, motions, briefs, or other papers or submissions – any Confidential Material designated "Subject to Protective Order" or "For Attorneys' Eyes Only," such counsel must first move the Court for leave to file (or lodge) such Confidential Material under seal.

12.     If any party objects to the designation of any information, material, or document as Confidential Material "Subject to Protective Order" or "For Attorneys' Eyes Only," the objecting party must notify the designating party of the objection and the basis therefor in writing. This written notice may be made at any time, but must be made no later than twenty-one (21) days before the date of trial, and the objecting party must also notify all other parties of the objection. Within ten (10) days after service of any such notice, and after a good-faith effort by the parties to resolve the disagreement through consultation, either the designating or the objecting party may apply to the Court for a ruling on whether the Confidential Material at issue is, or is not, properly designated as "Subject to Protective Order" or "For Attorneys' Eyes Only," and notice of such application shall be provided to all other parties. Until this Court enters an order determining the status of the Confidential Material, such Confidential Material shall be treated in accordance with its provisional designation as "Subject to Protective Order" or "For Attorneys' Eyes Only" as provided in this Protective Order, unless the parties otherwise agree by written stipulation.

13.     Any party that produces material pursuant to this Protective Order does not waive any privilege or protection, including but not limited to, the attorney-client communication, attorney work-product, law enforcement/investigatory files, informant, state secrets, and/or any other privilege under federal or state law, that may apply to the disclosed information. Fed. R. Evid. 502(d), (e), (g). Nothing in this Protective Order, however, prevents a party from asserting,

5

pursuant to Federal Rule of Civil Procedure 26(b)(5), a claim that information is privileged or subject to protection as trial preparation material. Federal Rule of Civil Procedure 26(b)(5) shall govern all such claims.

14. Within ninety (90) days of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all Confidential Material that continues to be designated as "Subject to Protective Order" or "For Attorneys' Eyes Only," and all copies thereof, shall either be returned to the disclosing party or destroyed, unless otherwise statutorily required to be retained or preserved. A party who elects to destroy the copies shall, within fourteen (14) days of the destruction, submit a certification to the disclosing party attesting that all copies were destroyed. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided that Confidential Material remains subject to the provisions of this Protective Order. All Confidential Material shall be kept in the possession of the party to whom the material was produced, except in the limited circumstances described above.

15. Confidential Material of any sort that a party wishes to designate as "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to the terms of this Protective Order, but which is inadvertently disclosed without such designation, may be retrieved by the disclosing party at any time. Upon notice that a party seeks retrieval, such Confidential Material must be treated as if designated "Subject to Protective Order" or "For Attorneys' Eyes Only," depending on the designation requested by the inadvertently disclosing party, and may only be used for the purposes and in the manner permitted by this Protective Order.

16. The agreement of any party to be bound by the terms and conditions of this Protective

Order does not constitute a waiver of any privilege available to that party and shall not be construed as such.

17. This Protective Order shall not prejudice in any way the right of a party to: (a) object to the production of information or materials it considers not subject to discovery; (b) seek a Court determination whether discovery information or material should be produced or, if produced, whether such information or material should be subject to the terms of this Order; or (c) apply to the Court for a further protective order relating to any Confidential Material.

18. This Protective Order may be modified if the parties agree to such modification and such modification is granted by the Court or if such modification is ordered by the Court.

19. Any party may at any time move, on notice to all parties, for modification of, or other relief from, this Protective Order.

IT IS SO **ORDERED**.

Dated: August 5, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>NASEEM AKHTER, )<br>a/k/a Nasem Akhtar, )<br> )<br>    Defendant. )<br>_____ ) | Case No. 1:19-cv-7626<br><br>Hon. Rebecca R. Pallmeyer |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Protective Order governing disclosure of Confidential Material entered by this Court on _____, 2020.  I am familiar with the specific terms of the Order and agree to be bound by its terms.  I further understand that I am subject to the contempt powers of this Court for violation of the Order.


Date: _____            _____
                                                                    Signature